IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NOEL RICHARDSON,

        Petitioner,

v.	Civil Action No. 2:07cv2
   (Judge Maxwell)

DOMINIC A. GUTIERREZ, Warden,

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09. On January 11, 2007, the *pro se* petitioner, an inmate at FCI-Morgantown, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 asserting that the Federal Bureau of Prisons ["BOP"] has improperly calculated his good conduct time ["GCT"].

According to the petitioner, the BOP erred in interpreting 18 U.S.C. § 3624(b) when it calculated his GCT based on time served instead of his term of imprisonment. However, petitioner's claims are foreclosed by the Fourth Circuit's decision in Yi v. Federal Bureau of Prisons, 412 F. 3d 526 (4th Cir. 2005). In Yi, the Fourth Circuit found that the GCT statute is ambiguous, but that the BOP has "reasonably interpreted the statute so as to require the calculation of GCT based upon the inmate's time served." Specifically, the Fourth Circuit stated:

> The view that a prisoner should accrue 54 days of credit for each 365 days of good behavior is consistent with Congress' mandate that the BOP reward a prisoner "at the end of each year" for good behavior demonstrated "during that year." 18 U.S.C. § 3624(b)(1). This language reflects "a clear congressional directive that the BOP look retroactively at a prisoner's conduct over the prior year, which makes it reasonable for the BOP only to award GCT for time served." Perez-Olivo, 394 F.3d at 53. Accordingly, we defer to the BOP's reasonable construction of 18 U.S.C. §

3624(b). Chevron, 467 U.S. at 843- 44. Yi at 534.

Consequently, the BOP has properly calculated Petitioner's GCT and he is not entitled to habeas relief. Accordingly, the undersigned recommends that Petitioner's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Within ten (10) days after being served with a copy of this Opinion, any party may file with the Clerk of the Court, written objections identifying the portions of the Report and Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: January 12, 2007

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE